# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

**Fill in this information to identify your case:**

Debtor 1    **Wanda Faye Harris**
Name: First Middle Last

Debtor 2
(Spouse, if filing) Name: First Middle Last

Case number   **17-72028**
(If known)

Check if this is an amended plan ☑
Amends plan dated: **11/17/2017**

Part(s) amended:
☑ **Part 1**    ☑ **Part 5**
☑ **Part 2**    ☑ **Part 6**
☑ **Part 3**    ☑ **Part 8**
☑ **Part 4**    ☑ **Part 9**

*Failure to check a box identifying a Part amended hereby may render that amendment ineffective.*

# Chapter 13 Plan

## Part 1:   Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, and administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☑ **The plan sets out nonstandard provision(s) in Part 9.**

## Part 2:   Plan Payments and Length of Plan

2.1   Debtor(s) will make regular payments to the trustee as follows:

➕ ➖   $ **1,888.00**    per **Monthly**    for **60**    months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

2.2   Regular payments to the trustee will be made from future income in the following *manner (check all that apply):*

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑ **Debtor(s) will make payments directly to the trustee.**

☐ Other (specify method of payment)

Case 17-72028-JHH13   Doc 40   Filed 05/01/18   Entered 05/01/18 16:30:05   Desc Main Document    Page 1 of 10

**2.3 Income tax refunds and return.** *Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows: The non-exempt portion of the Debtor(s) tax refund(s) will be committed to the Plan as Disposable Income as reported on Schedule I.

☑ **Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.**

**2.4 Additional Payment** *(check all that apply):*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☑ Debtor(s) will make additional payment(s) to the trustee from proceeds of claim(s), cause(s) of action, lawsuit(s), settlement(s), or judgment award(s), as specified below: **ANY ESTATE CAUSES OF ACTION. Non-exempt proceeds of estate causes of action that remain after satisfaction of any and all attorneys' fees and expenses, lien claims, and subrogation claims payable therefrom shall be disbursed in the following sequence: (1) in payment of the percentage fee currently due the Trustee, (2) pro rata to holders of nonpriority unsecured claims not separately classified by the Plan up to 100 percent of the total allowed amount of such claims, (3) in the sequence specified by Part II.A of Administrative Order No. 17-07, and (4) the balance, if any, to the Debtor(s).**

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment:

**2.5 Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (Including Escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|---|---|---|---|
| HSBC Bank, USA (POC 3) | 820 Baptist Line Road, Aliceville AL 35442 | $30,556.70 | $566.00 Disbursed by: Debtor(s) See Part 9 | 4,186.21 | 7 | $78.99 | The 7th Month After Confirmation |

**3.2 Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below:
1. were incurred within 910 days before the petition date and secured by a purchase-money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
2. were incurred within 1 year of the petition date and secured by a purchase-money security interest in any other thing of value, or
3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| **Credit Acceptance (POC 1)** | $134.50 | $13,654.44 | **2014 Chevrolet Cruze (Purchased 8/26/17)** | $13,450 | 6 % | $293.91 | The 7th Month After Confirmation |
| **Ally Financial (POC 4)** | $205.00 | $20,508.63 | **2017 Chevrolet Malibu (Purchased 7/07/17)** | $20,500 | 6 % | $441.45 | The 7th Month After Confirmation |
| **Harbor Financial (POC 5)** | $45.00 | $4,307.71 | **Pressure Washer, Tiller, Riding Mower, Weed Eater, Air Climber, Treadmill, Body By Jake, Toshiba DVD Player, Nikon Camera & Lenses, 46" Toshiba TV, 32" Toshiba TV, Two 27" Toshiba TV's, Dell Desktop Computer, HP Printer** | $4,500 | 6 % | $92.72 | The 7th Month After Confirmation |
| **Chrysler Capital (POC 6)** | $306.40 | $30,613.68 | **2017 Chevrolet Impala (Purchased 3/10/17)** | $30,640 | 6 % | $658.96 | The 7th Month After Confirmation |
| **Spiller Furniture (POC 9)** | $0.00 | $2,645.83 | **Bedroom Suite** | $3,000 | 6 % | $56.95 | The 7th Month After Confirmation |

\* Amended to Add

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☑ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4:     Treatment of Fees and Priority Claims

**4.1 General.**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*

☑ **Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.**

☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3 Attorney's fees.**

The total fee requested by Debtor(s)' attorney **is $ 3,500.00**     **.** The amount of the attorney fee paid prepetition is **$ 100.00**          .

The balance of the fee owed to Debtor(s)' attorney **is $ 3,400.00**     , payable as follows (*check one*):

☐ $ _____ at confirmation and $ _____ **per month thereafter until paid in full, or**

☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4 Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations.** *Check one.*

☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:     Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**
Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2 Percentage, Base, or Pot Plan.** *Check one.*                    DUE TO LIQUIDATION
                                                                                              VALUE

☑ **100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.**

☐ Percentage Plan.  This plan proposes to pay _____ % of each allowed nonpriority unsecured claim.

☐ Pot Plan.  This plan proposes to pay $ _____ , distributed pro rata to holders of allowed nonpriority unsecured claims.

☐ Base Plan.  This plan proposes to pay $ _____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional
payments pursuant to §§ 2.3 and 2.4).  Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after
disbursements have been made to all other creditors provided for in this plan.

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☑ This plan proposes to pay interest at an annual rate of **6** % on allowed nonpriority unsecured claims. *DUE TO LIQUIDATION VALUE*

**5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

---

**Part 6:    Executory Contracts and Unexpired Leases**

**6.1 The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2 The executory contracts and unexpired leases listed below are rejected:**

---

**Part 7:    Sequence of Payments**

**7.1 Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.**

---

**Part 8:    Vesting of Property of Estate**

**8.1 Property of the estate will vest in Debtor(s)** *(check one):*

☐ Upon plan confirmation.

☑ **Upon entry of Discharge.**

---

**Part 9:    Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it.*

***These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.***

☑ **Debtor (i) will pay all pre and post-petition electric service charges in lieu of posting a deposit under 11 U.S.C. § 366 and (ii) acknowledges that 11 U.S.C. § 362 will not prohibit collection of these debts by APCO.** *LISTED ON MATRIX*

☑ **Debtor will commence direct contractual payments December of 2017 to HSBC Bank, USA for the long-term loan on the collateral (house and lot located at 820 Baptist Line Road, Aliceville AL 35442) referenced in Section 3.1.**

## Part 10: Signatures

**Signature(s) of Debtor(s) (required):**

x /s/ *Wanda Faye Harris*       Date 4/30/18

x /s/       Date

**Signature of Attorney for Debtor(s):** ✗ /s/ *Marshall A. Entelisano*       Date 4/30/18

Name/Address/Telephone/Attorney for Debtor(s):

Marshall A. Entelisano, P.C.
Marshall A. Entelisano (ENT001)
701 22nd Avenue, Suite 2
Tuscaloosa, Al. 35401
205-752-1202
marshall@marshall-lawfirm.com

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

# IN THE UNITED STATES BANKRUPTCY COURT
## Northern District of Alabama
### WESTERN DIVISION

| | | |
|---|---|---|
| **In the Matter of:** | § | |
| | § | **Case No. 17-72028** |
| **Wanda Faye Harris** | § | |
| | § | **Chapter 13** |
| **Debtor(s)** | § | |

## CERTIFICATE OF SERVICE

This is to certify that on the ___1st___ day of ___May___, 2018, I have served a copy of the Amended Chapter 13 Plan, Notice of Chapter 13 Bankruptcy Case and Confirmation Date on the parties listed below and on the attached Matrix by depositing a copy of the same in the United States Mail, postage prepaid and properly addressed, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" as set forth below pursuant to FRBP 9036 in accordance with Paragraph II.B.4 of the Court's Administrative Procedures.

The Standing Chapter 13 Trustee, C. David Cottingham, and the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, J. Thomas Corbett, and the Assistant Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Western Division, Rachel Webber, have standing and are registered participants in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, and service thereon has been made by a "Notice of Electronic Filing" as set forth below pursuant to FRBP 9036 in accordance with Paragraph II.B.4 of the Court's Administrative Procedures.

**Alabama Power**
**915 Queen City Avenue**
**Tuscaloosa, AL 35401**

**Harbor Financial**
**P. O. Box 368**
**Columbus, MS 39703**

Marshall A. Entelisano, P.C.
Marshall A. Entelisano (ENT001)
701 22nd Avenue, Suite 2
Tuscaloosa, AL 35401
205-752-1202 Telephone
205-752-1203 Facsimile
marshall@marshall-lawfirm.com

Label Matrix for local noticing
1126-7
Case 17-72028-JHH13
NORTHERN DISTRICT OF ALABAMA
Tuscaloosa
Fri Apr 27 15:29:08 CDT 2018

Steering Committee
c/o Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036-6745

U. S. Bankruptcy Court
2005 University Blvd., Room 2300
Tuscaloosa, AL 35401-1546

Alabama Power
915 Queen City Avenue
Tuscaloosa, AL 35401-2339

Ally Bank
PO Box 130424
Roseville MN 55113-0004

Ally Financial
P O Box 380901
Bloomington, MN 55438-0901

Approved Cash
856 MS-12
Starkville, MS 39759

Blue Cross Blue Shield of Alabama
450 Riverchase Parkway E
Subrogation Dept.
Birmingham, AL 35244-2858

CBSI
P O Box 3227
Tuscaloosa, AL 35403-3227

CREDIT FIRST N A
PO BOX 818011
CLEVELAND OH 44181 8011

CSC Credit Services
Box 740040
Atlanta, GA 30374-0040

Capital One
P O Box 30285
Salt Lake City, UT 84130-0285

Check Into Cash
919 E. Alabama Street
Suite 7
Columbus, MS 39702-5570

Chex Systems Inc.
Attn: Consumer Relations
7805 Hudson Road, Suite 100
Saint Paul, MN 55125-1703

Chrysler Capital
P.O. Box 961275
Fort Worth, TX 76161-0275

Citibank/The Home Depot
P O Box 790040
St Louis, MO 63179-0040

Comenity Bank/Cathrines
4590 E Broad St
Columbus, OH 43213-1301

Comenity Bank/Lane Bryant
P O Box 182125
Columbus, OH 43218-2125

Comenity Bank/Victoria Secret
P O Box 182125
Columbus, OH 43218-2125

Community Choice Financial
3189 Hwy 45 N
Ste C
Columbus, MS 39705-1251

Credit Acceptance
25505 West 12 Mile Rd
Suite 3000
Southfield, MI 48034-8331

Credit Collection Services
Two Wells Avenue
Dept. 9133
Newton Center, MA 02459-3225

Credit First National Assoc
P O Box 81315
Cleveland, OH 44181-0315

Dept of Ed/Nelnet
P O Box 82505
Lincoln, NE 68501-2505

ECAST SETTLEMENT CORPORATION
PO BOX 29262
NEW YORK NY 10087-9262

EQUIFAX
Post Office Box 740241
Attn: Legal Department
Atlanta, GA 30374-0241

EXPERIAN
P O Box 9556
Allen, TX 75013

(p)GLOBAL PAYMENTS CHECK SERVICES
10705 RED RUN BLVD
OWINGS MILLS MD 21117-5134

Global Payments Check Services, Inc
P O Box 661038
Chicago, IL 60666-1038

HSBC Bank USA, National Association as Trust
Wells Fargo Bank, N.A.
Default Document Processing
Mac# N9286-01Y
1000 Blue Gentian Road

Harbor Financial of Columbus
P. O. Box 368
Columbus, MS 39703-0368

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

LVNV Funding, LLC its successors and assigns
assignee of Arrow Financial Services,
LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Michael Harris
153 West Highland
Carrollton, AL 35447

Midland Funding LLC
PO Box 2011
Warren, MI 48090-2011

Money Matters
320 5th Street NW
Aliceville, AL 35442-2031

Paypal Credit
P O Box 105658
Atlanta, GA 30348-5658

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
MOMA Funding LLC
PO Box 788
Kirkland, WA  98083-0788

Rachel Webber
Office of Bankruptcy Administrator
2005 University Blvd Room 1300
Tuscaloosa, AL 35401-1526

Santander Consumer USA
P O Box 961245
Ft Worth, TX 76161-0244

Santander Consumer USA Inc.
P.O. Box 560284
Dallas, Tx 75356-0284

Sirote & Permutt
P. O. Box 55727
Birmingham, AL 35255-5727

Speedy Cash
3410 Highway 69 North
Northport, AL 35473-2045

Speedy/Rapid Cash
P.O. Box 780408
Wichita, KS 67278-0408

(p)SPILLER FURNITURE COMPANY
PO BOX 020824
TUSCALOOSA AL 35402-0824

State of Alabama
Dept. of Revenue
50 North Ripley Street
Montgomery, AL 36132-0001

Stephen Leara Attorney for Blue Cross
800 Shades Creek Pkwy Ste 400
Birmingham, AL 35209-4518

Synchrony Bank/ JC Penneys
P O Box 965060
Orlando, FL 32896-5060

Synchrony Bank/ Old Navy
P O Box 965060
Orlando, FL 32896-5060

Synchrony Bank/QVC
P O Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Walmart
P O Box 965060
Orlando, FL 32896-5060

TRANSUNION, LLC
Post Office Box 1000
Attn:  Legal Department
Chester, PA 19022

(c)THOMAS CORBETT
US BANKRUPTCY ADMINISTRATOR
505 20TH ST N STE 1
BIRMINGHAM AL  35203-2110

U.S. Department of Education C/O Nelnet
121 South 13th Steet, Suite 201
Lincoln, NE 68508-1911

Verizon
by American InfoSource LP as agent
PO Box 248838
Oklahoma City, OK  73124-8838

Verizon Wireless
P O Box 660108
Dallas, TX 75266-0108

(p)WELLS FARGO BANK NA
WELLS FARGO HOME MORTGAGE AMERICAS SERVICING
ATTN BANKRUPTCY DEPT MAC X7801-014
3476 STATEVIEW BLVD
FORT MILL SC 29715-7203

(p)WEST ALABAMA BANK
7680 HIGHWAY 69 SOUTH
TUSCALOOSA AL 35405-3984

C David Cottingham
Chapter 13 Standing Trustee
701 22nd Avenue, Suite 4
P O Drawer 020588
Tuscaloosa, AL 35402-0588

Marshall Entelisano
701 22nd Avenue
Suite 2
Tuscaloosa, AL 35401-1857

Wanda Faye Harris
820 Baptist Line Rd.
Aliceville, AL 35442-2617

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

GLOBAL PAYMENTS INC
PO BOX 661158
CHICAGO, IL 60666-1158

Portfolio Recovery Associates
P O Box 12914
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

Spiller Furniture Co.
P O Box 020824
Tuscaloosa, AL 35402

Wells Fargo Home Mortgage
8480 Stagecoach Circle
Frederick, MD 21701

West Alabama Bank & Trust
P O Box 310
Reform, AL 35481

Addresses marked (c) above for the following entity/entities were corrected
as required by the USPS Locatable Address Conversion System (LACS).

Thomas Corbett
US Bankruptcy Administrator
1800 5th Ave N
Birmingham, AL 35203

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)HSBC Bank USA, National Association as Tru

(u)Wells Fargo Bank, N.A

(d)Harbor Financial of Columbus
Po Box 368
Columbus, MS 39703-0368

End of Label Matrix
Mailable recipients    61
Bypassed recipients     3
Total                  64